**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALVIN REYES SARTIAGUDA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | No.  2:17-CV-2280-DMC<br><br><br><br>ORDER |

    Plaintiff, who is proceeding with retained counsel, brought this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Final judgment in favor of Plaintiff has been entered and pending before the Court now are Plaintiff's motions for an award of fees and costs pursuant to the Equal Access to Justice Act (EAJA), ECF No. 25, and Plaintiff's counsel's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b), ECF No. 28. Plaintiff has been provided notice of counsel's motion and has not filed a response thereto.

/ / /

/ / /

/ / /

/ / /

# I. BACKGROUND

Plaintiff's representation in this case was provided by way of a February 15, 2017, contingent fee agreement whereby Plaintiff agreed to pay counsel: (1) 25% of any benefits awarded at or prior to a first administrative hearing, or $6,000.00, whichever is smaller; (2) 25% of any benefits awarded upon reversal of an unfavorable administrative decision for work before the agency; and (3) 25% of past-due benefits awarded upon reversal of an unfavorable administrative decision for work before the court. See ECF No. 28-1. Plaintiff initiated this action for judicial review of an unfavorable administrative decision on October 30, 2017. See ECF No. 1.

Following briefing on the merits, the matter was submitted. Plaintiff raised two issues in this appeal. Plaintiff argued the ALJ improperly rejected the opinions of Drs. Duffy and Schumacher regarding mental limitations. The Court rejected this argument. The Court, however, agreed with Plaintiff that the ALJ failed to resolve conflicts between the vocational expert's testimony and the Dictionary of Occupational Titles (DOT). As to this issue, the Court stated:

> Plaintiff argues the vocational expert's testimony plaintiff can work as a conveyor line worker conflicts with the DOT with respect to exposure to moving mechanical parts. According to plaintiff, while the vocational expert was asked to assume a preclusion to exposure to moving mechanical parts, "[t]he DOT itself describes bakery worker, conveyor line as performing a combination of duties in preparation of cakes along a conveyor line, including moving cakes, repositioning cakes, removing defective cakes, ensuring proper positioning for toppings and cutting." Plaintiff contends the ALJ erred by failing to inquire into the apparent conflict between the preclusion on exposure to moving mechanical parts and the job's requirement of exposure to a conveyor line.
> The court agrees. The challenged vocational requirement is "essential, integral, or expected" for the job. Gutierrez, 844 F.3d at 808. Relying on the vocational expert's testimony, the ALJ stated plaintiff could perform the job identified at DOT 524.687-022, which the ALJ described as "conveyor line worker," CAR 39, but which the DOT describes as "Bakery Worker, Conveyor Line," DOT 524.687-022. It would seem apparent to this court the ability to work in proximity to a conveyor line necessarily involves moving machinery and associated hazards because conveyor lines require moving machinery to function.
> This conclusion is supported by the DOT definition. Specifically, the DOT indicates the job requires: "Inspecting cakes moving along conveyor." DOT 524.687-022 (emphasis added). The definition describes numerous specific job duties requiring interaction with a conveyor. See id. Additionally, the DOT definition indicates the job

> requires observation of "cakes moving under automated topping shaker and cake cutting machine. . . ." DOT 524.687-022 (emphasis added).
>
> It is clear the ALJ did not address this apparent conflict in the hearing decision because the only conflicts discussed by the ALJ related to "overhead reaching or sit-stand options." CAR 39.
>
> Plaintiff also argues the vocational expert's testimony he can work as a toy assembler or garment sorter conflicts with the DOT with respect to reaching. In this case, the ALJ's hypothetical to the vocational expert presumed an inability to "overhead reach" with the left upper extremity and an ability to "occasionally reach in other directions with the left, non-dominant upper extremity." CAR 30. Thus, the ALJ described a person unable to frequently reach in any direction or overhead with the left upper extremity.
>
> DOT 731.687-034 describes the job of toy assembler as involving fastening parts, using clips, glue, screws, handtools, selecting parts, using tweezers or pliers, and inspecting toys. The DOT also describes this job as potentially involving tending machines. See DOT 731.687-034. DOT 222.687-074 describes the job of garment sorter as involving sorting, folding, packaging, and ironing. Given the ALJ asked the vocational expert to presume a person incapable of frequent reach in any direction or overhead with the left upper extremity, and because the DOT descriptions for these jobs are not specific regarding whether these tasks can be performed with full use of just one upper extremity, the conflict is apparent. The ALJ further erred in failing to resolve this conflict. See Shaibi, 883 F.3d at 1109.
>
> Because the ALJ failed to resolve apparent conflicts between the vocational expert's testimony regarding all of the three jobs identified and the definitions contained in the DOT, the matter will be remanded to allow the Commissioner to make further vocational findings at Step 5.

ECF No. 23, pgs. 12-13.

The Court ordered the Commissioner's final decision reversed and the matter remanded to the agency for further proceedings. See id. at 14.

On remand, the Commissioner issued notice of a fully favorable decision on November 18, 2019. See ECF No. 28-2. The Commissioner also notified Plaintiff that past-due benefits were awarded in the amount of $158,618.00 and that $6,000.00 had been withheld from this amount to pay Plaintiff's counsel pursuant to the fee agreement. See ECF No. 28-3. Notwithstanding the terms of the fee agreement providing counsel 25% of past-due benefits awarded following a district court remand and further agency proceedings, it does not appear the Commissioner withheld 25% of the total award, which would be $39,654.50. A second notice to Plaintiff from the agency on February 14, 2021, confirms that only $6,000.00 was withheld from the total award of past-due benefits. See ECF No. 34.

## II.  DISCUSSION

Plaintiff and Plaintiff's counsel now seek awards of fees and costs under both the EAJA and § 406(b).  See ECF Nos. 25 and 28.  Specifically, Plaintiff seeks a total of $3,369.01 in fees and costs under the EAJA and counsel seeks $31,700.00 in fees under § 406(b) following an award of past-due benefits by the agency in the amount of $158,618.00.  Defendant opposes Plaintiff's motion under the EAJA.  See ECF No. 26.  Defendant takes no position on Plaintiff's motion under § 406(b).  See ECF No. 29.

### A.  Fees and Costs Under the EAJA

Because this Court issued a remand pursuant to sentence four of 42 U.S.C. § 405(g), plaintiff is a prevailing party for EAJA purposes.  See Flores v. Shalala, 42 F.3d 562 (9th Cir. 1995).  Under the EAJA, an award of reasonable attorney's fees is appropriate unless the Commissioner's position was "substantially justified" on law and fact with respect to the issue(s) on which the court based its remand.  28 U.S.C. § 2412(d)(1)(A); see Flores, 42 F.3d at 569.  No presumption arises that the Commissioner's position was not substantially justified simply because the Commissioner did not prevail.  See Kali v. Bowen, 854 F.2d 329 (9th Cir. 1988).  The Commissioner's position is substantially justified if there is a genuine dispute.  See Pierce v. Underwood, 487 U.S. 552 (1988).  The burden of establishing substantial justification is on the government.  See Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

In determining substantial justification, the Court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself.  See Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990).  For the government's position to be considered substantially justified, however, it must establish substantial justification for both the position it took at the agency level as well as the position it took in the district court.  See Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1998).  Where, however, the underlying government action was not substantially justified, it is unnecessary to determine whether the government's litigation position was substantially justified.  See Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988).  "The nature and scope of the ALJ's legal errors are material in determining whether the

1  Commissioner's decision to defend them was substantially justified." Sampson v. Chater, 103
2  F.3d 918, 922 (9th Cir. 1996) (citing Flores, 49 F.3d at 570).  If there is no reasonable basis in law
3  and fact for the government's position with respect to the issues on which the court based its
4  determination, the government's position is not "substantially justified" and an award of EAJA
5  fees is warranted.  See Flores, 42 F.3d at 569-71.  A strong indication the government's position
6  was not substantially justified is a court's "holding that the agency's decision . . . was
7  unsupported by substantial evidence. . . ."  Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013).
8       Under the EAJA, the Court may award "reasonable attorney's fees," which are set
9  at the market rate.  See 28 U.S.C. § 2412(d)(2)(A).  The party seeking an award under the EAJA
10 bears the burden of establishing the fees requested are reasonable.  See Hensley v. Eckerhart, 461
11 U.S. 424, 434 (1983); Atkins v. Apfel, 154 F.3d 988 (9th Cir. 1998); see also 28 U.S.C. §
12 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court
13 an application for fees and other expenses which shows . . . the amount sought, including an
14 itemized statement from any attorney . . . stating the actual time expended").  The court has an
15 independent duty to review the evidence and determine the reasonableness of the fees requested.
16 See Hensley, 461 U.S. at 433, 436-47.  Finally, fees awarded under the EAJA are payable directly
17 to the client, not counsel.  See Astrue v. Ratliff, 130 S.Ct. 2521 (2010).
18      In opposing Plaintiff's motion for fees and costs under the EAJA, Defendant
19 contends its position was substantially justified and that the amount in fees sought is
20 unreasonable.  See ECF No. 26.
21      1.    Substantial Justification
22      Here, the Court finds that Defendant's position with respect to the ALJ's failure to
23 address inconsistencies between the vocational expert's testimony and the DOT was not
24 substantially justified.  As explained above, if there is no reasonable basis in law and fact for the
25 government's position, the government's position is not "substantially justified."  See Flores, 42
26 F.3d at 569-71.  The Court finds such is the case here.  First, the Court found that the ALJ failed
27 to resolve a conflict as to whether the identified job of "Bakery Worker, Conveyor Line" was
28 precluded by Plaintiff's limitation to no exposure to moving machinery.  There was no reasonable

basis in fact for the failure to resolve this conflict given that common sense would dictate that a conveyor line necessarily involves moving machinery. Second, the ALJ failed to resolve a conflict as to whether the identified jobs of toy assembler and garment sorter were precluded by Plaintiff's limitations in reaching in any direction and reaching overhead with the left upper extremity. The DOT clearly describes both jobs as requiring some degree of reaching and the ALJ failed to inquire as to whether a limitation to no frequent reaching precluded these jobs. Again, the Court finds there was no basis in fact justifying this error.

### 2. Reasonableness of Fees

In opposition to Plaintiff's motion under the EAJA, Defendant contends 1.6 hours in fees sought in connection with litigation of Plaintiff's EAJA motion are not reasonable. See ECF No. 26, pg. 9. Defendant also argues Plaintiff is not entitled to recover fees for 3.85 hours of paralegal time spent on what Defendant characterizes as "clerical" tasks. See id. at 10-11. In reply, Plaintiff argues the fees and costs originally sought are reasonable and that he is entitled to an additional $301.17 in fees for time spent addressing Defendant's opposition to his EAJA motion. See ECF No. 27.

#### i. 1.6 Attorney Hours

Defendant cites to authority in support of the position that 1.6 hours spent in connection with Plaintiff's EAJA fees motion was unreasonable. The Court rejects Defendant's objection to 1.6 hours. The Court also grants Plaintiff's request for an additional $301.17 reflecting attorney time spent reviewing Defendant's opposition and preparing a reply.

#### ii. 3.85 Paralegal Hours

Defendant also objects to 3.85 hours of paralegal time, characterizing this time as "clerical." Even if performed by an attorney, the EAJA does not allow recovery of fees for clerical or secretarial tasks. See Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989). Such tasks include preparing, reviewing, proofreading, downloading, or filing documents. See Torrez v. Astrue, 2010 WL 2891541, at *2 (C.D. Cal. 2010); see also Reyna v. Astrue, 2011 WL 2100609, at *8-*9 (E.D. Cal. 2011); Garcia v. Colvin, 2013 WL 5347494, at *8 (E.D. Cal .2013).

///

Counsel has provided the Court with his billing statement for the case. See ECF No. 25-1. This statement reflects ten entries for paralegal time for "receipt" of various documents, totaling 0.95 hours of time billed at a rate $130.00 per hour. The Court will disallow this time because it is for purely clerical tasks. The EAJA award will, therefore, be reduced by $123.50.

### B.   Fees Under § 406(b)

Under the Social Security Act, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment. . . ." 42 U.S.C. § 406(b)(1)(A). No other fee may be payable or certified for such representation except as allowed in this provision. See id.

A remand constitutes a "favorable judgment" under § 406(b). See Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993). While the Ninth Circuit has not directly addressed the issue, all other circuits to address the issue have concluded that the district court is authorized to award fees under § 406(b) when it remands for further proceedings and, following remand, the claimant is awarded past-due benefits. See Garcia v. Astrue, 500 F. Supp. 2d 1239, 1243 (C.D. Cal. 2007). Limiting § 406(b) awards to cases in which the district court itself awards past-due benefits would discourage counsel from requesting a remand where it is appropriate. See Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277 (11th Cir. 2006).

The 25 percent statutory maximum fee is not an automatic entitlement, and the court must ensure that the fee actually requested is reasonable. See Gisbrecht v. Barnhart, 535 U.S. 789, 808-09 (2002). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807. "In determining the reasonableness of fees sought, the district court must respect 'the primacy of lawful attorney-client fee arrangements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" Crawford v. Astrue, 586 F.3d 1142, 1149 (9th Cir. 2009) (quoting Gisbrecht, 535 U.S. at 793 and 808).

1      The Supreme Court has identified five factors that may be considered in
2 determining whether a fee award under a contingent-fee agreement is unreasonable and therefore
3 subject to reduction by the court. See Crawford, 586 F.3d at 1151-52 (citing Gisbrecht, 535 U.S.
4 at 808). Those factors are: (1) the character of the representation; (2) the results achieved by the
5 representative; (3) whether the attorney engaged in dilatory conduct in order to increase the
6 accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the
7 amount of time counsel spent on the case; and (5) the attorney's record of hours worked and
8 counsel's regular hourly billing charge for non-contingent cases. See id.
9      Finally, an award of fees under § 406(b) is offset by any prior award of attorney's
10 fees granted under the Equal Access to Justice Act. See Gisbrecht, 535 U.S. at 796.
11     The Commissioner has filed a response to Plaintiff's counsel's motion. This
12 filing, however, amounts to nothing more than a recitation of applicable caselaw and contains
13 nothing in the way of analysis specific to this case. In particular, the Commissioner's response
14 does not set forth any reasons why the Court should deny, in whole or in part, counsel's motion.
15 The Court, therefore, considers Plaintiff's counsel's motion as unopposed. In this case, having
16 considered the factors above, the Court finds Plaintiff's counsel's request reasonable given the fee
17 agreement with Plaintiff, the results achieved, and the lack of any evidence of dilatory conduct
18 designed to increase past-due benefits. Because the Court herein orders an award of EAJA fees
19 payable directly to Plaintiff, offset of EAJA fees paid to counsel is not an issue.
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion, ECF No. 25, for an award of fees and costs under the EAJA is granted and Plaintiff is awarded fees and costs in the amount of $3,546.68, payable to Plaintiff by the Commissioner of Social Security;

2. Plaintiff's counsel's motion, ECF No. 28, for fees pursuant to 42 U.S.C. § 406(b) is granted and counsel is awarded fees in the amount of $31,700.00, paid to counsel by the Commissioner of Social Security out of past-due benefits awarded to Plaintiff and withheld, to the extent such benefits have not already been paid to Plaintiff.

Dated:  September 1, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE